**STATE of Missouri ex rel. Dorothy GRAY and L. L. Gray, Relators,**

**v.**

**The Honorable Richard C. JENSEN, Judge of the Circuit Court of Jackson County, Division No. 13, at Independence, Missouri, Respondent.**

**No. 51420.**

Supreme Court of Missouri,

En Banc.

Nov. 8, 1965.

Ben W. Swofford, Kansas City, John C. Milholland, Harrisonville, Swofford & Waisblum, Kansas City, Anderson & Milholland, Harrisonville, of counsel, for relators.

Jack G. Beamer, McKenzie, Williams, Merrick, Beamer & Stubbs, Kansas City, for respondent.

FINCH, Judge.

This is an original proceeding in prohibition seeking to prevent respondent from enforcing an order that relators answer an interrogatory propounded by a defendant in a suit pending in the Circuit Court of Jackson County.

Relators, Dorothy Gray and L. L. Gray, her husband, brought suit against two osteopathic physicians, Drs. Young and Schwab, seeking damages for medical negligence, for various breaches of the physician-patient relationship and for common assault. The nature of the issue presented herein does not necessitate a recital of the specific acts alleged in plaintiffs' petition.

On February 2, 1965, the case being set for trial on February 22, 1965, defendant Young submitted various written interrogatories to relator Dorothy Gray. She answered all of the interrogatories except No. 3. Included in the interrogatories answered was one which asked plaintiff to state whether she "has been examined or treated by any doctor, physician, surgeon, chiropractor or osteopath or other medical person since her deposition was taken December 14, 1964."

Interrogatory No. 3 was as follows:

"State the names and addresses of all doctors, medical specialists or other practitioners of the healing arts that plaintiff intends to call as witnesses to testify at the trial of this case."

To that interrogatory plaintiff objected on the basis that it sought privileged matter and that the information sought constituted work product of plaintiff's counsel. The objection was overruled and plaintiff ordered to answer in ten days. This proceeding followed.

The sole question presented is whether under our discovery practice it is permissible by interrogatory to obtain from the adversary party a listing of the names and addresses of the witnesses whom the adversary plans to call to testify.

Discovery by interrogatory is now permitted by Rule 56.01, V.A.M.R.[1] With reference to permissible subject matter of inquiry by interrogatory, said Rule 56.01(a) provides in part as follows:

"Interrogatories may relate to any matters which can be inquired into under Rule 57, * * *."

Turning then to Rule 57, we find that said Rule 57.01(b), relating to matters which may be the subject of examination in depositions, provides as follows:

"*Scope of Examination.* Unless otherwise ordered by the court as provided by this Rule, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. The examining party may not inquire as to the contents or substance of statements, written or oral, obtained from prospective witnesses by or on behalf of another party. The production or inspection of any writing obtained or prepared by the adverse party or coparty, his attorney, surety, indemnitor, or agent, in anticipation of litigation or in preparation for trial (except a statement given by the interrogating party) or of any writing that reflects an attorney's mental impressions, conclusions, opinions, or legal theories, or, except as provided in Rule 60.01, the conclusions of an expert, shall not be required."

This court already has held that discovery by interrogatory of names and addresses of witnesses to an accident, whether

---

1. All references to rules are to Vernon's Annotated Missouri Rules unless otherwise indicated.

known to the party himself or his attorney, is permissible and that such knowledge and information does not involve work product of counsel and is not privileged matter. See State ex rel. Pete Rhodes Supply Co. v. Crain, Mo., 373 S.W.2d 38, and State ex rel. Hudson v. Ginn, Mo., 374 S.W.2d 34. In both of these cases, however, the interrogatory was directed solely to factual information as to names and addresses of witnesses to the occurrence. Neither case involved the right to inquire as to names and addresses of those whom the adverse party "intends to call as witnesses to testify at the trial." We find no Missouri case dealing with that question.

■ Our Rules of Civil Procedure were adopted by this court on August 10, 1959, to become effective April 1, 1960. This court had appointed one committee which drafted proposed rules which were then submitted to the bench and bar of the state for comment. Thereafter, this court appointed another committee to revise the proposed rules in the light of the comments and suggestions received. It was the draft of this latter committee which was approved and adopted by the court. The rules as thus drafted and submitted by the committee were accompanied by committee notes following each rule. These were explanatory in nature, giving information as to the source of the proposed rule, any changes made from the language of the statute or rule from which taken, and other explanatory comments. These committee notes are comparable to legislative committee reports which pertain to legislation which is passed and are to be considered in determining the scope and meaning of the rule under consideration, just as the legislative committee reports are considered in construing the legislative enactments. The committee note following Rule 56 appears in Vol. 2 of Vernon's Annotated Missouri Rules, at page 189, and reads in part as follows :

"Paragraph (a) of this rule broadens the scope of discovery on written interrogatories by adopting Rule 33 of the

Federal Rules of Civil Procedure and a portion of the amendments tentatively recommended by the Federal Advisory Committee on Rules in 1954. *One portion of the recommended draft omitted is that which would require the answering party to furnish 'a listing of the names of witnesses whom the party intends to call at the trial.'* * * * Otherwise the recommended amended Federal Rule 33 is adopted. * * *" (Emphasis supplied.)

Subsequently the committee note lists changes made by the rule in interrogatory practice from what it had been under § 510.020, RSMo 1949, but then goes on to say:

"As is discussed in the note to Rule 57.01, no change is made in the right of the answering party to refuse to disclose privileged matter, including the lawyer's work product."

Reference to the committee note under Rule 57.01 discloses this language:

"Paragraph (b) is substantially Federal Rule 26(b) with two added sentences to protect the work product of the lawyer, the party, his agent and privies, and the conclusions of an expert. The opinion in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, protecting the attorney's work product is reinforced by express specific language of the added sentences. * * *"

■ A consideration of the language of the rules and the accompanying committee notes causes us to conclude that Interrogatory No. 3 was not a proper inquiry under Rule 56 and that relators should not be required to answer it. This was not merely an inquiry as to those who have knowledge. Such information was sought by Interrogatory No. 1 which was answered (names and addresses of those who examined or treated prior to December 14, 1964, had been furnished in a deposition given on that date). Instead, Interrogatory No. 3 sought the

names of the medical witnesses *whom plaintiff planned to call as witnesses to testify.* This goes beyond a request for those who have knowledge. It invades the area of judgment and trial strategy as to which persons actually will be used as witnesses. This usually will be governed by the opinion and advice of trial counsel. To require an answer to this inquiry would be to invade the work product of counsel and the privileged relationship between attorney and client.

We think it is crystal clear that the committee which drafted Rule 56 did not intend to permit the inquiry by interrogatory with which we here are concerned. The committee comment states that Federal Rule 33 was adopted, including the changes therein proposed in 1954, with certain exceptions. These exceptions are then listed in the comment and the first one so enumerated is "a listing of the names of witnesses whom the party intends to call at the trial." It would be hard to imagine a clearer expression of the committee's intention to deny this particular inquiry. We hold that the rule was adopted in the light of that explanatory comment, and that Interrogatory No. 3 submitted to relators was improper and not permissible under Rule 56.

The fact that Interrogatory No. 3 inquired about medical witnesses to be used is of no particular significance. The result herein would have been the same if it had asked generally for the names and addresses of all witnesses to be called and used in the trial. Consequently we need not consider the questions raised and briefed involving the physician-patient privilege and its possible application to the propriety of Interrogatory No. 3.

Our preliminary rule, prohibiting respondent from requiring relators to comply with his order of March 2, 1965, to answer Interrogatory No. 3, is made absolute. It is so ordered.

All of the Judges concur.