**STATE of Missouri ex rel. Harry A. HEIDEN and Linda Janell Heiden, Plaintiffs-Relators,**

v.

**The Honorable James A. MOORE, Judge of the Circuit Court of Missouri, Sixteenth Judicial Circuit, Division 9, Defendant-Respondent.**

**No. KCD 27318.**

Missouri Court of Appeals, Kansas City District.

Nov. 4, 1974.

———————◆———————

John C. Milholland, Harrisonville, for plaintiffs-relators; Phillip L. Waisblum, Kansas City, C. J. Rahm, Des Moines, Iowa, of counsel.

Watson, Ess, Marshall & Enggas, Douglas Stripp, and James F. Duncan, Kansas City, for defendant-respondent.

Before DIXON, C. J., and SHANGLER, PRITCHARD, WASSERSTROM, SOMERVILLE and TURNAGE, JJ.

TURNAGE, Judge.

This is an original proceeding in prohibition seeking to prevent respondent from enforcing an order requiring the relators to disclose "the identity of experts which they may or will call as witnesses". Although the order does not specify witnesses to be called to testify at trial, the parties have treated it as such, and this court will consider it in that light.

This suit is pending in the Circuit Court of Jackson County, Missouri, in which the plaintiff-relators seek to recover damages from General Motors Corporation.

This Court issued its preliminary writ of prohibition and the case has now been briefed and orally argued.

Respondent's order was made as a result of General Motors filing the following interrogatories:

"1. Please state the name and address of every person known to you or those representing you who has knowledge, or claims to have knowledge, of any defect in the accelerator linkage of the automobile described in the fifth amended petition.

"2. Please state the name and address of every person known to you or those representing you who has knowledge or claims to have knowledge, of any defect in the engine mounts of the automobile described in the fifth amended petition.

"3. Please state the name and address of every person known to you or those representing you who has knowledge, or claims to have knowledge, of any defect in the idler arm assembly of the automobile described in the fifth amended petition."

It will be noted the order is broader than the interrogatories; however, this appears to be the result of an off-the-record hearing.

It would serve no useful purpose to engage in a lengthy discussion concerning the

**802**

rules with respect to interrogatories since this case is governed by State ex rel. Gray v. Jensen, 395 S.W.2d 143 (Mo. banc 1965), which holds an interrogatory may not call for a list of witnesses a party intends to call to testify at trial.[1] This includes the name of experts.

Respondent has sought to avoid the rule in *Gray* by pointing to the language in the order here which states that relators are to disclose the identity of experts which they may or will call and argues this requires only the disclosure of the names of those who might be called as witnesses.

Relators here are ordered to list those who not only will be called, but who might be called. This achieves an even broader breach than prohibited in *Gray*. If relators cannot be required to list those who will be called, they cannot be required to list even those who may or might be called.

Respondent has cited a number of cases which hold the names of expert witnesses to be subject to discovery. This is the holding in Will v. Carondelet Savings & Loan Association, 508 S.W.2d 711 (Mo. App.1974) and State ex rel. Mueller v. Dixon, 456 S.W.2d 594 (Mo.App.1970). However, in those cases, all the court held was that the names of the expert witnesses could be obtained. There was no attempt to gain a list of such witnesses who would or might be called to testify. Those cases were correctly ruled, but the order here goes further and requires the names of experts who will or may be called to testify. As noted, this is contrary to *Gray*.

Accordingly, the preliminary rule in prohibition heretofore issued is made absolute. It is so ordered.

DIXON, C. J., and SHANGLER, PRITCHARD, WASSERSTROM and SOMERVILLE, JJ., concur.

SWOFFORD, J., not participating.

1. Rule 56.01, V.A.M.R., has been amended effective January 1, 1975. Under the new rule, a party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the general nature of the subject matter on which the expert is expected to testify.