**STATE ex rel. STATE HIGHWAY COMMISSION, Appellant,**

v.

**Edwin J. JASPER et al., on exceptions of V. B. Hurt et al., Respondents.**

**No. 59473.**

Supreme Court of Missouri,
En Banc.

Dec. 30, 1976.

Lester A. Paff, Kirkwood, for appellant.

Charles E. Hansen, Union, for respondents.

MORGAN, Judge.

The appellant, Missouri State Highway Commission, initiated this action to condemn certain properties presumably needed to improve and relocate Route 100 in Franklin County. Respondents, V. B. and Marie Hurt, as owners of a part thereof were awarded $8,600 by the appointed Commissioners; but, after a trial to a jury of their exceptions, a verdict was returned for them in the amount of $17,500. The commission appealed to the Court of Appeals, St. Louis District, from the judgment entered thereon and we thereafter sustained its application to transfer the cause to this court.

The commission presents only one point on appeal, wherein it contends: "The court erred in admitting over proper objection hearsay evidence by defendants' expert witnesses as to the purchase prices of comparable sales." A review of the record pertaining to one of such "experts" should be adequate to identify and resolve the problem.

One witness for the landowners was Thomas F. Neher. He identified himself as a graduate of the University of Missouri with extended experience as a broker and appraiser of real estate. He gave a detailed description of respondents' property both before and after the taking and then was asked: "Mr. Neher, do you have an opinion of the value of Mr. Hunter's property immediately prior to the condemnation . . . and . . . immediately after . . ?" Counsel for the state then objected that "there has been no proper foundation laid in terms of value . . . we have heard absolutely no value testimony whatsoever." Landowner's counsel then asked: "In arriving at your values, Mr. Neher, did you make an investigation of properties comparable to Mr. Hurt's . . . ?" The witness, between objections, testified that he had based the valuation in part on "comparable sales in the community" and had verified the sale prices thereof by talking "to either the seller or the buyer or . . . the broker who handled the transaction . . . they were all verified by one of the three or, in some instances, all three." Thereafter, details of some of the other transactions were given.

Evidence as to comparable sales has long been accepted in this state as one of the most reliable of factors available to determine the "fair market value" of the property to be taken.

As this court said in *State ex rel. State Highway Com'n of Mo. v. Kimmell*, 435 S.W.2d 354 (Mo.1968), at pages 356–357:

Testimony of the specific prices paid in other sales is hearsay and not admissible if based on information learned from others. *State ex rel. State Highway Com-*

mission v. Barron, Mo., 400 S.W.2d 33; Missouri Public Service Co. v. Hunt, Mo. App., 274 S.W.2d 27; McKinney v. Lynch, Mo.App., 45 S.W.2d 874. We hardly need cite authorities to the effect that a witness may not narrate supposed facts told to him by another, when such evidence is offered to prove the fact thus asserted. 31A C.J.S. Evidence §§ 192, 193. However, an expert testifying on values may base his opinions in part upon his investigation and his inquiries concerning other sales for, in that context, these things merely enter into his general qualifications and experience, and constitute background material. Barron, supra; State ex rel. State Highway Commission v. Bloomfield Tractor Sales, Inc., Mo.App., 381 S.W.2d 20, 23 et seq. In determining whether a collateral sale is one of comparable property and thus admissible, the trial court has a wide discretion. City of St. Louis v. Vasquez, Mo., 341 S.W.2d 839; State ex rel. State Highway Commission v. Koberna, Mo., 396 S.W.2d 654. In the latter case it is said that unless the differences are such as to make the evidence irrelevant as a matter of law, such dissimilarity should go to the weight of the evidence rather than to its admissibility, 396 S.W.2d loc. cit. 662, leaving the distinctions to be developed further on cross-examination. Evidence of comparable sales must be of sales made when the seller is willing but not obliged to sell, and where the buyer is willing to purchase but is not compelled to do so.

The rationale upon which the admission of such evidence is predicated was spelled out recently in State ex rel. State Highway Commission v. Carlson, 463 S.W.2d 74 (Mo. App.1970), at page 78, as follows:

We recognize that testimony given by an expert explaining the basis of his opinion of value or of those factors bearing on value, even when logically relevant, tends to suggest collateral considerations. It may be an ingenuous hope that the jury will always understand that the hearsay testified to by the expert were only matters considered by him in reaching his opinion, and not independent proof for it.

Yet, any disadvantage which might result from the use of such evidence is more than compensated by the advantage of a more enlightened basis for its ultimate determination of value. So, while the tendency is to admit any evidence which sheds light on the question of value, it is left to the discretion of the trial judge "to keep it within bounds", State ex rel. State Highway Commission v. Barron, 400 S.W.2d l. c. 37[8]; State ex rel. State Highway Commission v. Bloomfield Tractor Sales, Inc., 381 S.W.2d l. c. 24[1, 2], to exercise case that false issues are not suggested and that the jury is not otherwise misled. In re Armory Site in Kansas City, Mo., 282 S.W.2d 464, 472[17].

█ The record before us reflects that "the comparable sales" brought to the attention of the jury were identified properly as one of the background factors upon which the expert witness had based his opinion and thus were done in conformity with the existing law.

The judgment is affirmed.

SEILER, C. J., and BARDGETT and FINCH, JJ., concur.

HENLEY and DONNELLY, JJ., concur in result.

HOLMAN, J., dissents.