**M. C. MILLER, d/b/a Miller Auto Sales, Plaintiff-Respondent,**

v.

**Linda Lee Hodge ILER, Defendant-Appellant.**

**No. 10094.**

Missouri Court of Appeals, Springfield District.

Sept. 20, 1977.

Dan L. Birdsong, Routh, Thomas & Birdsong, Rolla, for plaintiff-respondent.

Jerry L. Wilkerson, Ball & Wilkerson, Salem, for defendant-appellant.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

BILLINGS, Chief Judge.

A Phelps County jury denied recovery on plaintiff's petition and defendant's counterclaim for damages, allegedly resulting from a collision of two vehicles. Defendant appealed, claiming the court erred in not excluding the testimony of the investigating highway patrolman called by plaintiff because this witness had not been disclosed by plaintiff in answer to a continuing interrogatory filed by the defendant. We affirm.

Defendant's interrogatory, reciting it was filed pursuant to the provisions of "Rule 56, V.A.M.R.," asked for plaintiff to "State the name and address of all persons whom you intend to call as witnesses in the trial. . . ."

Rule 56.01 does not require a party to state the names of witnesses he will call and use at trial. Such an interrogatory ". . . invades the area of judgment and trial strategy as to which persons actually will be used as witnesses. This usually will be governed by the opinion and advice of trial counsel. To require an answer to this inquiry would be to invade the work product of counsel and the privileged relationship between attorney and client."

*State ex rel. Gray v. Jensen*, 395 S.W.2d 143 (Mo. banc 1965).

The judgment is affirmed.

All concur.