STATE of Missouri ex rel. STATE
HIGHWAY COMMISSION of
Missouri, Plaintiff-Appellant,

v.

Godwin PFITZINGER et al., exceptions
of Donald E. Roth et al.,
Defendants-Respondents.

No. 39176.

Missouri Court of Appeals,
St. Louis District,
Division No. One.

July 5, 1978.

William Darmstaedter, Kirkwood, John
W. Maupin, Bruce A. Ring, Jefferson City,
for plaintiff-appellant.

Samuel C. Ebling, Gregory F. Hoffman,
Millar, Schaeffer & Ebling, St. Louis, David
A. McMahon, Love, Lacks & McMahon,
Clayton, for defendants-respondents.

SMITH, Judge.

The State Highway Commission appeals
from a judgment in a condemnation case
based upon a jury verdict awarding defend-
ants $1,823,567 damages for land taken by
the Commission for a highway.  We affirm.

On appeal plaintiff raises two points. The first involves the action of the trial court in permitting a Mr. Fitzhugh to testify. That witness was called by the defendants to testify to the sale price of land located nearby the property in suit. The objection was based upon defendants' failure to disclose Fitzhugh's name in answer to the following interrogatory:

"State whom Donald E. Roth plans to call at trial as witnesses in the above captioned case." [1]

■ Initially, we note that the matter was not properly preserved. The only objection came when defendants were conducting their voir dire examination of the veniremen and inquired whether any of the veniremen knew a probable witness, Mr. Fitzhugh. The court overruled plaintiff's objection and indicated its intention to permit Fitzhugh to testify. No objection was made to Fitzhugh testifying thereafter, until the motion for new trial. The proper time for such an objection is when the witness is offered as a witness. The court's action on the voir dire objection is only a ruling that the question may be asked on voir dire. It is not a ruling that the witness may testify.

■ Secondly, the interrogatory was improper and the information requested is beyond the scope of discovery. *State v. Jensen*, 395 S.W.2d 143 (Mo.banc 1965); *Miller v. Iler*, 556 S.W.2d 492 (Mo.App. 1977); Rule 56.01. While the proper method of attacking such attempted improper discovery is through objection, rather than by not answering (See Rule 61.01), we can find no abuse of discretion by the trial court for refusing to impose sanctions for failure to answer a clearly improper question. Further support for the court's action is found in the facts that: (1) plaintiff knew about the sale and Mr. Fitzhugh's identity; (2) the failure to depose Fitzhugh was not plaintiff's lack of knowledge of him, but plaintiff's supposition that he would not be called; and (3) the witness' testimony was unnecessary in view of *State ex rel. State Highway Commission v. Jasper*, 544 S.W.2d

554 (Mo.banc 1976) handed down Dec. 30, 1976, four days before the trial, and known to plaintiff but not defendants.

■ The second point is that the trial court erred in refusing to permit plaintiff's expert to testify to the sales prices of land utilized by that expert in making his appraisal of the damages under the comparable sales method. In 1974, the Supreme Court of this state held that in condemnation cases similar to this one, experts could not use the "cost of development" method of appraisal. *See State ex rel. State Highway Commission v. Southern Development Co.*, 509 S.W.2d 18 (Mo.1974) [6–9]. Despite this, in 1976, when the expert in this case was deposed, he based his appraisal upon that method. As a result he did not testify on deposition to comparable sales. Two days before the witness appeared, the State Highway Commission "found out" that defendants would object to the witness using a judicially condemned method of appraisal. At that point the witness reworked his appraisal using a comparable sales approach, and utilized sales of parcels of which defendants had not been made aware. The trial court permitted the expert to testify and to identify the parcels used but refused to allow the expert to testify concerning the price of any parcel not previously identified to defendants. We find no error. Under Rule 56.01(b)(4)(b), defendants were entitled to discover on deposition the facts and opinions to which the expert was expected to testify. Following the deposition defendants, under the *Southern Development* case, could have expected to prevent the expert from testifying at all. When at the last minute the Commission sought to offer the expert to testify to an entirely different method of appraisal, the trial court could justifiably have refused to allow the expert to testify. Rule 61.01(d)(1). We find no abuse of discretion in the trial court limiting the testimony of the expert to facts which had been revealed to defendants. Plaintiff has no ground for complaint that

---

1. Defendants' answer was "Unknown at this time." The answer was never updated.

the trial court treated it more favorably than it need have.

Judgment affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.