**Billy Joe COLEMAN, Plaintiff/Respondent,**

v.

**VILLA CAPRI RESTAURANT, Defendant,**

**and**

**Elizabeth Tharp, Defendant/Appellant.**

**No. 50422.**

Missouri Court of Appeals, Eastern District, Division Four.

June 24, 1986.

Mark M. Wenner, St. Louis, for defendant/appellant Tharp.

Benson Cytron, House Springs, for plaintiff/respondent Coleman.

CRANDALL, Presiding Judge.

Defendant, Elizabeth Tharp, appeals from the judgment in a court-tried case, in favor of the plaintiff, Billy Joe Coleman, on his claim for past-due rent in the amount of $4,854.15. We affirm.

On Jan. 3, 1979, Villa Capri Restaurant leased a building from the then owner. Thirteen days later a lease guaranty was signed by the defendant, Elizabeth Tharp, the sole officer and shareholder of Villa Capri Restaurant, a Missouri corporation. The lease was to run until December 31, 1981 with rent at $500 a month. The lease also contained an option clause for a new lease term, but the rent was to be deter-

mined based on a formula using the last wholesale Consumer Price Index issued by the U.S. Government prior to the beginning of the option term.

Thereafter, on September 27, 1981 the option was exercised by Villa Capri Restaurant. The rent due under the new lease term was determined to be $693.45 a month. Elizabeth Tharp, the defendant, paid the new rental amount through September, 1983. The 1983 October and November checks were returned for "insufficient funds", but a December, 1983 payment was made. In May, 1984 the plaintiff Billy Coleman, the present owner of the building and lessor, brought this action against Villa Capri Restaurant and Elizabeth Tharp for past-due rent in the amount of $4,854.15. The trial court entered judgment in favor of plaintiff and against both defendants. Only defendant Elizabeth Tharp appeals.

■ Defendant first contends that the trial court erred in holding her liable for breach of the obligation under the lease because the plaintiff failed to prove separate consideration required to make the guaranty valid.

Generally, "a guaranty is a contract and, like all contracts, must be supported by consideration, either independent of or the same as that supporting the principal contract, provided in the latter case, the guaranty is executed contemporaneously with the principal contract." *Missouri Farmers Association v. Wolfe Bros. Farm*, 681 S.W.2d 15, 19 (Mo.App.1984). If the guaranty and the contract are "contemporaneously made, the two contracts are regarded as integrated and the consideration supporting the original contract also supports the guaranty." *Kurtz v. Fischer*, 600 S.W.2d 642, 646 (Mo.App.1980).

Even though in the present case the guaranty was signed thirteen days later than the lease, it is supported by consideration because it is part of the lease transaction. In *Centennial State Bank v. S.E.K. Construction Co., Inc.*, 518 S.W.2d 143, 150 (Mo.App.1974) the court stated that "...it does not follow that the guarantee

...was void for lack of consideration because it was given ten days after the promissory note it guaranteed." Since ten days was sufficient to conclude that the contract and the guaranty were contemporaneously made then thirteen days should not require a different conclusion. The lease and the guaranty are part and parcel of the same transaction, so the consideration supports the guaranty as well as the lease. Defendant's first point is denied.

■ Defendant next contends that the trial court erred in overruling an objection to the testimony of plaintiff regarding the amount of monthly rent due under the lease in absence of the presentation into evidence of the consumer price index. At trial, the plaintiff testified as to the amount of monthly rent. The following exchange took place:

[Plaintiff's Counsel]: Okay. And can you tell me what the new rental calculated to be?

[Defense Counsel]: Objection. Not the best evidence. The best evidence would be the C.P.I. itself.

[The Court]: Overruled.

[Plaintiff's Counsel]: Tell us what the new—What it calculated to be?

[Plaintiff]: $693.45.

[Plaintiff's Counsel]: Okay, was—

[Defense Counsel]: Again, I'll renew my objection, Your Honor, on the basis that the best evidence of what the new rent would be, would be the Consumer Price Index itself.

[The Court]: Overruled.

[Plaintiff's Counsel]: Did you—Did Mrs. Tharp pay that rental after that was determined to be the new rental?

[Plaintiff]: Yes.

Generally, a trial court without a jury may properly allow wide latitude in the admission of evidence because the trial judge is presumed not to give weight to incompetent evidence. *Spielberg Mfg. Co. v. Direct Sales Internat'l., Inc.*, 566 S.W.2d 839, 840 (Mo.App.1978). Also, in a court tried case, "erroneous admission of evidence mandates reversal only in the ab-

sence of other sufficient competent evidence." *Estate of Dowdy v. Dowdy,* 680 S.W.2d 362, 363 (Mo.App.1984). If there is other substantial evidence in the record to support the proposition that the monthly rental was $693.45, then the correctness of the trial court's ruling is academic.

In the present case the defendant paid the increased rent from December 1981 through September 1983. The defendant, having acquiesced in plaintiff's claim for increased rent and having paid it, is bound by that decision. *Johnston v. First National Bank & Trust Co. of Joplin,* 624 S.W.2d 500, 502 (Mo.App.1981). The conduct of the defendant paying the rent in the amount of $693.45 supports the conclusion that the defendant agreed to the rental figure. In addition, the defendant did not produce any evidence to the contrary either by pleading or by testimony. We therefore have other competent evidence besides the C.P.I. that supports the amount of the rent. The defendant's second point is denied.

The judgment of the trial court is affirmed.

KELLY and PUDLOWSKI, JJ., concur.