**HENTY CONSTRUCTION COMPANY, INC., Appellant/Cross–Respondent,**

**v.**

**M. Thomas HALL and Sandra Hall, Respondents/Cross–Appellants.**

No. 55474.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 22, 1989.

Richard J. Magee, Daniel J. McAuliffe & Associates, Clayton, for appellant/cross-respondent.

Homer N. Mastorakos, Mastorakos & Dunne, Chesterfield, for respondents/cross-appellants.

HAMILTON, Judge.

Henty Construction Company, Inc. (hereinafter, Henty) sued Mr. M. Thomas Hall (hereinafter, Thomas Hall) and his wife, Mrs. Sandra K. Hall (hereinafter, Sandra Hall), for breach of their unconditional guaranty on a promissory note. The Halls filed a counterclaim alleging breach of contract and fraud in the inducement. Following trial, the jury returned a verdict in favor of Henty and awarding it damages in the amount of $34,000. Both sides appeal.

In its appeal, Henty contends the trial court erred in overruling its Motion for Judgment Notwithstanding the Verdict. In their cross-appeal, the Halls assert that the trial court erred (1) in sustaining Henty's Motion for Directed Verdict with respect to Count II of their counterclaim alleging fraud in the inducement and in refusing to submit to the jury an instruction on the affirmative defense of fraud in the inducement; (2) in overruling their objection to evidence of interest accruing on the promissory note after its date of maturity and, thereafter, in refusing to submit a withdrawal instruction concerning post-maturity interest; (3) in overruling their objection to evidence and to arguments by Henty's counsel regarding attorney's fees and costs incurred in connection with Henty's suit on the guaranty and in refusing, thereafter, to submit a withdrawal instruction concerning such evidence; (4) in overruling their objection to the testimony of two witnesses called by Henty on its claim for attorney's fees and costs; and (5) in overruling their Motion for Directed Verdict as to Sandra Hall. We affirm in part, reverse in part, and remand.

In 1973, Thomas Hall, an architect, contemplated building a professional condominium to offer physicians an opportunity to own rather than rent office space. Shortly thereafter, he incorporated Northwest Professional Condominium Corporation (hereinafter, Northwest) with Jack T. Kennebeck for the purpose of designing and constructing such office space. Thomas Hall became president and Jack Kennebeck became secretary of Northwest.

In 1974, Henty, a general contractor engaged in the construction of commercial buildings, contracted with Northwest to build a single-story medical office building. Northwest subsequently failed to make payments for certain authorized change orders.

Joseph Henty, president of Henty, and Thomas Hall initially met on September 11, 1975, to discuss payment of the change orders by Northwest. In return for an additional six months in which to pay for these change orders, Mr. Henty requested that Northwest sign a promissory note for the balance due. He mentioned that failure to pay the change orders would necessitate filing a mechanics lien. Mr. Hall testified that he disagreed with the amount requested by Henty, and he also informed Mr. Henty he was unable to make payments on the note. Although disputed by Mr. Henty, Mr. Hall further testified the parties agreed that Henty would refrain from filing a mechanic's lien and Mr. Hall would make business referrals to Henty in lieu of making payments on the note with his funds. Mr. Hall signed the note.

On September 17, 1975, Mr. Henty requested Mr. Hall to sign another promissory note with terms identical to the first and to obtain Mr. Kennebeck's signature on it because the signatures of both officers were necessary on a corporate note. In addition, Mr. Henty requested that Thomas and Sandra Hall execute a personal guaranty for payment of the note.

On September 17, 1975, Northwest made and delivered a promissory note to Henty in the amount of $33,315.85 payable within six months with interest at nine percent per annum. Payment of the note was unconditionally guaranteed by Thomas and Sandra Hall. Northwest failed to pay the note at maturity.

Thomas Hall proceeded to refer business to Henty, ceasing to do so when this litigation was filed.

On January 10 and September 19, 1978, Henty made written demand upon Thomas Hall for payment of the promissory note. Henty's attorney also made written demand upon the Halls for payment on March 4, 1982. The Halls dispute that demand for payment was made by Mr. Henty prior to suit.

During this period, Northwest filed for relief under the bankruptcy code. Thomas and Sandra Hall thereafter filed a proof of claim with the bankruptcy court, as guarantors, on behalf of Henty. On October 3, 1983, the bankruptcy court allowed this claim in the amount of $33,999.14, which included $33,315.85 for principal on the promissory note, and $5,683.32 for interest accrued as of April 19, 1978, the date Northwest filed for bankruptcy. On October 10, 1983, by order of the bankruptcy court on October 3, Henty received a dividend of $18,758.76.

Henty received no further payments on the note. It subsequently referred collection of remaining amounts due under the guaranty to its attorneys.

At trial, Henty adduced evidence to show a total of $54,782.73 due under the guaranty, representing $20,240.41 for principal, $23,626.32 for interest, and $10,916.00 for attorney's fees. The Halls disagreed with this amount and the allocation of it. The jury returned a verdict in favor of Henty on its claim under the guaranty and against the Halls in their counterclaim for breach of contract. It awarded Henty $34,000 without allocating this award among principal, interest, and attorney's fees.

As its sole point on appeal, Henty asserts that the trial court erred in overruling its Motion for Judgment Notwithstanding the Verdict. In reviewing such action by the trial court, we review the evidence, and all reasonable inferences therefrom in the light most favorable to the opposing party, giving the latter the benefit of all reasonable inferences drawn from the evidence, and disregarding the movant's evidence except as it aids the opposing party's case. *Wells v. Orthwein*, 670 S.W.2d 529, 532 (Mo.App.1984).

Although the parties disagreed on numerous issues, both legal and factual, the jury's verdict resolved all factual issues. By returning a verdict in favor of Henty on its claim for breach of the guaranty, the jury implicitly rejected the Halls' five affirmative defenses.[1] In addition, it rejected

---

1. These affirmative defenses were that (1) no consideration existed for the guaranty; (2) the

guaranty was defective and unenforceable because it was undated, or failed to designate the

the Halls' counterclaim alleging breach of contract. At the same time, the jury assessed damages of $34,000, less than the $54,782.73 requested by Henty.

In *Campbell v. Kelley*, 719 S.W.2d 769 (Mo. banc 1986), the Supreme Court, in reviewing a similar suit on a promissory note, stated as follows:

> Once the jury determined the only issue submitted in favor of plaintiffs, the amount of principal and interest due became a mathematical calculation. *Home Trust Co. v. Josephson*, 339 Mo. 170, 95 S.W.2d 1148 (1936). When the amount of damages is not in controversy and the defenses fail as a matter of law, the trial court may direct a verdict for the plaintiff. *Id.* Although the *Home Trust* case dealt with a situation where the defenses failed as a matter of law, the same result may follow where the jury makes a finding in favor of plaintiff on the issue of liability but awards less damages than mandated under the agreement. *Polen v. Kansas City Chip Steak Co.*, 404 S.W.2d 416 (Mo.App.1966); *Allison v. Mountjoy*, 383 S.W.2d 314 (Mo.App. 1964). Where the note contains the rate of interest the court may calculate the interest due on the principal. *Hamra v. Boone County Development Co.*, 602 S.W.2d 721 (Mo.App.1980). The terms of the note also provided for the award of attorney's fees, and plaintiffs presented undisputed evidence as to the amount of their attorney's fees. The court, as an expert on attorney's fees, may award reasonable amounts as a matter of law. *Oberkrom v. Oberkrom*, 608 S.W.2d 449 (Mo.App.1980); *Carondelet Savings & Loan Association v. Boyer*, 595 S.W.2d 744 (Mo.App.1980).... Once the jury found for plaintiffs, their damages in the form of principal, interest and attorney's fees followed as a matter of law. The court may calculate these amounts and enter judgment.

*Id.* at 771–72.

■ The case at bar tracks the situation in *Campbell*. Once the jury decided the liability issues raised by the Halls' affirmative defenses and counterclaim, the remaining issues in dispute are matters of law. The promissory note itself contains the rate of pre-maturity interest, readily calculable by the trial court. Post-maturity interest, unspecified in the note, is also calculable as a matter of law pursuant to Section 408.020 RSMo (1986). The trial court, moreover, as an expert in the determination of attorney's fees, may award a reasonable sum as a matter of law. Finally, in view of the jury's finding of liability, no evidence or inferences therefrom disclose a dispute with respect to the amount still owing on the principal. The only payment made on the principal was $13,075.44 applied from the bankruptcy dividend. Accordingly, the judgment of the trial court is reversed on this point and remanded for calculation of principal, interest, and attorney's fees.

In their cross-appeal, the Halls initially contend the trial court erred in sustaining Henty's Motion for Directed Verdict with respect to Count II of their counterclaim that alleged fraud in the inducement and in refusing to submit to the jury an instruction on the affirmative defense of fraud in the inducement. At trial, the Halls requested submission of MAI 32.22 [1978 Revision] Modified, which set forth their affirmative defenses, including fraud in the inducement. Although the trial court submitted an affirmative defense instruction, it altered the requested instruction by omitting the fraud defense. At the close of all the evidence, the trial court sustained Henty's Motion for Directed Verdict with respect to the fraud count in their counterclaim.

Proof of the following elements are essential to establish a case of fraud: (1) a

parties thereto, failed to state the amount guaranteed, or failed to state the consideration; (3) no consideration existed for the promissory note dated September 17, 1975; or (4) the Halls were relieved of any obligation to Henty arising from the guaranty due to plaintiff's acceptance

of business referrals in lieu of monetary payment of the promissory notes which referrals constituted payment in full; or (5) Henty was barred by its acceptance of business referrals in lieu of monetary payments under promissory notes.

representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or his ignorance of its truth; (5) the speaker's intent that his representation should be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) his right to rely thereon; and (9) the hearer's consequent and proximately caused injury. *Bank of Kirksville v. Small,* 742 S.W.2d 127, 131 (Mo. banc 1987); *Sofka v. Thal,* 662 S.W.2d 502, 506 (Mo. banc 1984).

In deciding a defendant's motion for directed verdict at the close of plaintiff's evidence, a trial court must view that evidence in the light most favorable to the plaintiff, giving plaintiff the benefit of all reasonable inferences. *In re Estate of Mapes,* 738 S.W.2d 853, 855 (Mo. banc 1987). Only when the facts in evidence and reasonable inferences therefrom are so strongly against plaintiff as to leave no room for reasonable minds to differ, may a court sustain a motion for directed verdict. *Owens v. Union Elec. Co.,* 729 S.W.2d 248, 250 (Mo.App.1987). A case will be submitted to a jury only if "each and every fact essential to liability is predicated on legal and substantial evidence, and the question whether the evidence in a particular case is substantial is one of law for the court." *Id.*

Although the Halls presented evidence at trial with respect to certain elements of fraud, they adduced no evidence to demonstrate that Joseph Henty made a false representation with knowledge of its falsity or in ignorance of the truth.

The Halls' evidence showed that on September 11, 1975, Joseph Henty met with Thomas Hall to discuss the payment of change orders for additional charges on the Northwest Professional Condominium Building. Mr. Henty informed Mr. Hall that if the extra charges for change orders were not paid, he would place a mechanic's lien on the project, thus preventing the closing or sale of the units that Northwest had under contract or preventing any refinancing. Mr. Henty then presented, for Mr. Hall's signature, a promissory note reflecting a balance due. Mr. Hall disagreed with the amount requested and also informed Mr. Henty that he could not make payments on the note. Prior to Mr. Hall signing the promissory note, the two men discussed the method of payment of the note. According to the Halls' evidence, they agreed that Mr. Henty would not file a mechanic's lien and Mr. Hall would not have to pay the note with his funds, but would refer selected business to Henty in lieu of payment. Relying upon the representations made by Mr. Henty in this agreement, Mr. Hall signed the promissory note as president of the corporation. The note contained no language referring to the terms of their oral agreement concerning business referrals from Mr. Hall to be accepted by Mr. Henty in lieu of payment on the promissory note.

Approximately one week later, Mr. Henty requested that Mr. Hall sign another note with terms identical to the first. He explained that, because the note was a corporate note, the signatures of both corporate officers were necessary. Again relying upon Mr. Henty's representations, Mr. Hall signed the September 17, 1975 note. The reverse side of the note contained a personal guaranty which Mr. and Mrs. Hall signed in reliance upon Mr. Henty's representation that he would not file a mechanic's lien and would accept business referrals in lieu of monetary payments on the note.

Mr. Hall subsequently referred business to Mr. Henty. The referrals ceased upon Henty's filing of this lawsuit.

Henty's failure to abide by the agreement with the Halls damaged them by causing them to lose credit for the business referrals and by requiring them to pursue this lawsuit.

■ Viewing the foregoing evidence as true, the record reflects that Henty failed to abide by the terms of the agreement with the Halls who had relied upon them to their detriment. A mere failure of performance, however, establishes neither knowledge nor intent of the speaker to defraud, nor does it shift the burden of

proof. *Bank of Kirksville,* 742 S.W.2d at 132 (relying *Bauer v. Adams,* 550 S.W.2d 850, 853 (Mo.App.1977)). Fraud is not presumed and its inference can be drawn only when the evidence points logically and convincingly to fraud. A finding of fraud must rest on more than suspicion, surmise, and speculation. *Mason–Atlanta State Bank v. Gall,* 666 S.W.2d 934, 941 (Mo. App.1984). In the present case, the Halls have failed to prove a submissible case of fraud because they adduced no evidence to show that Henty, at the time he made the agreement with Thomas Hall, had a present intention not to perform it. *Kiechle v. Drago,* 694 S.W.2d 292, 294 (Mo. App.1985). *See Sofka,* 662 S.W.2d at 507; Restatement (Second) of Torts § 530.

■ The Halls next assert that the trial court erred in overruling their objection to evidence of interest accruing on the promissory note after its date of maturity. In addition, they contend the trial court thereafter abused its discretion in refusing to submit Withdrawal Instruction A, patterned on MAI 34.05 [1983 New] Modified, which provided:

> In determining the amount of plaintiff's damages you are not to consider any evidence of interesting [sic] accruing after the date of maturity on the principal of the promissory note dated September 17, 1975.

The Halls were unconditional guarantors of a promissory note which, by its terms, obligated Northwest

> to pay to HENTY CONSTRUCTION CO., INC., or order, the sum of THIRTY–THREE THOUSAND THREE HUNDRED FIFTEEN AND 85/100 DOLLARS (33,315.85), principal payable six (6) months from the date hereof on March 17, 1976, *with interest on the principal amount from the date hereof at the rate of nine percent (9%) per annum from the date hereof until maturity of this Note.*

(Emphasis added). As guarantors of the note, the Halls became liable for payment on March 17, 1976, when the note matured as a result of Northwest's failure to pay. A guarantor is liable for interest if he fails

to pay a debt that has matured against him. *Clune Equipment Leasing Corp. v. Spangler,* 615 S.W.2d 106, 108 (Mo.App. 1981). Where, as here, post-maturity interest of the payment due is unspecified in the instrument, a rate of nine percent per annum shall apply. Section 408.020 RSMo (1986). Point two is denied.

■ In point three of their cross-appeal, the Halls assert that the trial court erred in overruling their objection to evidence and to arguments by Henty's counsel regarding attorney's fees and costs incurred in connection with Henty's suit on the guaranty. They additionally contend that the trial court thereafter abused its discretion in refusing to submit Withdrawal Instruction B, patterned upon MAI 34.02 [1978 Revision], which provided:

> The issue of plaintiff's attorney's fees and court costs is withdrawn from the case and you are not to consider such evidence in arriving at your verdict.

The promissory note of September 7, 1975, that the Halls unconditionally guaranteed states that

> [i]f suit is brought on this Note, or if placed in the hands of an attorney for collection, the maker hereof shall pay to the holder a reasonable sum for *collection fees.*

(Emphasis added.) The Halls argue that this provision imposes no liability upon them, as guarantors, to pay attorney's fees. We disagree.

In *Vannorsdel v. Thompson,* 323 S.W.2d 252 (Mo.App.1959), the court affirmed the trial court's award of an attorney's fee when defendant retained an attorney to file a lawsuit in order to collect the payment due under a note. The terms of the note provided that if the note were

> placed in the hands of an attorney for collection, then an additional amount of ten per cent on the principal and interest unpaid shall be added for collection fee.

323 S.W.2d at 255. In affirming an attorney's fee of ten percent on the amount of judgment, the *Vannorsdel* court relied upon *Yarbrough v. W.A. Gage & Co.,* 334 Mo. 1145, 70 S.W.2d 1055 (1934).

In *Yarbrough,* the notes at issue provided:

> If this note is not paid at maturity and if placed with an attorney for collection * * * I agree to pay all costs incurred by the holder in collecting or enforcing the same including a fee of ten per cent on amount due for attorney's fees.

70 S.W.2d at 1067. The fee due an attorney for collection included costs necessary to employ an attorney to defend an action, to maintain the validity of the note, to resist plaintiff's claims as to offsets and credits due, and to enforce the obligation of the plaintiff under the note.

In line with *Vannorsdel* and *Yarbrough,* the trial court, in allowing evidence of attorney's fees and costs, and in refusing to submit a withdrawal instruction thereon, necessarily interpreted the term "collection fees" to include attorney's fees and costs incurred in connection with the suit on the guaranty. We find no error and no abuse of discretion by the trial court on this point.

In their fourth point on appeal, the Halls contend the trial court erred in overruling their objection to the testimony of two witnesses called by Henty on its claim for attorney's fees and costs. The Halls argue that the trial court should have excluded this testimony as a sanction for Henty's failure to identify the witnesses in answer to interrogatories propounded by the Halls. Henty identified neither Candace Beseau, office manager for its law firm, nor Daniel J. McAuliffe, its attorney, as potential trial witnesses. Henty did, however, call both persons to testify at trial.

■ Because the Halls failed to object to the testimony of Beseau, they have failed, with respect to her testimony, to preserve this point for our review. *State ex rel. Missouri Hwy. and Transp. Comm'n v. Johnson,* 658 S.W.2d 900, 906 (Mo.App. 1983). The proper time for an objection to testimony from a witness is "when the witness is offered as a witness." *State ex rel. State Hwy. Comm'n v. Pfitzinger,* 569 S.W.2d 335, 336 (Mo.App.1978). With respect to McAuliffe's testimony, however, the trial court overruled the Halls' objection.

A trial court has broad discretion to impose sanctions, which include the exclusion of testimony on the basis that it was undisclosed in answers to interrogatories. *State ex rel. Hwy. and Transp. Comm'n v. Pully,* 737 S.W.2d 241, 245–6 (Mo.App.1987). It is, moreover, the duty of the trial court to determine whether prejudice resulted from the nondisclosure. *Sagehorn v. Phillips Petroleum Co.,* 648 S.W.2d 647, 649 (Mo.App.1983).

■ In the instant case, the record shows McAuliffe was the attorney of record for Henty from the inception of this litigation. In addition, Henty's petition sought attorney's fees and costs. Because the Halls had ample notice of these facts, they cannot now assert McAuliffe's testimony as to attorney's fees was unexpected and therefore prejudicial. Accordingly, the trial court committed no error in overruling the Halls' objection to this testimony.

In the final point on their cross-appeal, the Halls contend the trial court erred in overruling their Motion for Directed Verdict as to Sandra Hall. They argue that no consideration supports the guaranty signed by Sandra Hall because first, she was uninvolved in the transaction between Henty, Northwest, and Thomas Hall; and second, she executed the guaranty between three and five days after the promissory note was signed.

■ A guaranty, being a contract, must be supported by consideration. *Missouri Farmers Ass'n v. Wolfe Bros. Farm, Inc.,* 681 S.W.2d 15, 19 (Mo.App.1984). Benefit to the debtor or detriment to the creditor constitutes sufficient consideration to support a guaranty since a guarantor need not receive any benefit from either the principal contract or the guaranty. *Mercantile Trust Co. v. Carp,* 648 S.W.2d 920, 923 (Mo.App.1983). Moreover, a guarantor's liability for a corporation's debt does not depend upon the guarantor's interest in the corporation. *Id.* at 925. Thus, ·even though Sandra Hall received no benefit for her guaranty, consideration could be supplied by a benefit to Northwest or a detriment to Henty. In addition, her lack of involvement in Northwest and its transaction with Henty had no effect on her liability as a guarantor of the promissory note.

■ Furthermore, Sandra Hall's signature on the guaranty three to five days after execution of the promissory note fails to vitiate her guaranty for lack of consideration. A guaranty executed contemporaneously with the execution of a promissory note may be considered a part of the original note transaction and supported by the same consideration. *Edwards v. Heidelbaugh,* 574 S.W.2d 25, 27 (Mo.App.1978). In *Coleman v. Villa Capri Restaurant,* 712 S.W.2d 65 (Mo.App.1986), this court found valid a lease guaranty signed thirteen days after execution of the lease. The court stated that the guaranty was supported by consideration because it was part of the lease transaction. *Id.* at 66. Therefore, execution of a guaranty by Sandra Hall three to five days after execution of the note qualifies as contemporaneous execution under Missouri law. Point denied.

The judgment of the trial court is affirmed in part, reversed in part, and remanded with direction to assess damages for Henty for the unpaid principal, interest, and attorney's fees.

DOWD, P.J., and SIMON, J., concur.