Roy W. TALMO, Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE COR-
PORATION, as Receiver for First
American Bank and Trust Co., Defen-
dant/Counterclaimant,

and

American Financial Life Development
Corp., R.W.T. Nursery, Inc., and Talmo,
Ltd., Supplemental Counterdefendants.

No. 90–8015–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Dec. 23, 1991.

John R. Young, West Palm Beach, Fla., for plaintiff.

Mark J. Bernet, Tampa, Fla., for defendant/counterclaimant.

### MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

MORENO, District Judge.

THIS CAUSE came before the Court upon Defendant Federal Deposit Insurance Corporation's ("FDIC") Motion for Summary Judgment. FDIC moves for Summary Judgment on the Complaint, Counts I, III, IV, V, VI and VIII of Counterclaim, and Summary Final Judgment of Fore-

closure on Counts II, VII and IX of Counterclaim.

*Facts*[1]

Plaintiff asserts in his complaint that he owed certain loan obligations, on four promissory notes, to First American Bank and Trust ("FABT"), of which he is a former President, maturing in late 1989 and early 1990. In order to induce Talmo to resign his position as an officer and director of FABT, a majority of the board of directors in May, 1989, entered into an agreement with him to extend the maturity dates on those four notes. Talmo claims that in October, 1989, the board of directors of FABT, which had by then changed in composition, refused to honor the agreement, and that he brought this declaratory judgment action as a result.

Plaintiff's complaint does not allege that this agreement was ever memorialized. In fact, the complaint alleges that it was only in late 1989, after the maturity of the first notes, that Talmo contacted FABT to request the loan obligation be formally extended in accordance with the alleged prior agreement.

In its counterclaim, FDIC has sued Talmo in nine separate counts. Counts I, III, IV, V and VI seek a judgment against Talmo for his breach under five separate promissory notes. In Count II, FDIC seeks to foreclose a security interest in stock pledged by Talmo as collateral under a sixth promissory note. In Count VIII, FDIC seeks a judgment against Talmo for breach of his guaranty of the obligations of American Financial Life Development Corp. under a note and mortgage. In Count VII, FDIC seeks to foreclose the mortgage given by American Financial and guaranteed by Talmo. In Count IX, FDIC seeks to foreclose a mortgage on property owned by Talmo.

In response to the counterclaims, the counterdefendants deny the substantive defenses and raise the following affirmative defenses:

1. Defendant FDIC does not contest the facts    alleged by the Plaintiff in his complaint.

1) as to Counts VII and IX, misjoinder of American Financial and RWT Nursery as counterdefendants;

2) as to Count II, set-off for diminution of the value of the stock held as security and estoppel to seek a deficiency against Talmo;

3) as to all counterclaims, "set-off" for diminution of the value of Talmo's stock interest in FABT;

4) and as to Counts VII and VIII, failure of consideration.

### Analysis

■ Under 12 U.S.C. §§ 1823(e) and 1821(d)(9) and the *D'Oench* doctrine,[2] no claim may be made against the FDIC as receiver of a failed banking institution, nor may a defense be raised against the FDIC, based on an agreement that does not meet the criteria set forth in § 1823(e), which provides as follows:

> No agreement which tends to diminish or defeat the interest of FDIC in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the FDIC unless such agreement—
> (1) is in writing,
> (2) was executed by the depository institution and any other person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
> (3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
> (4) has been, continuously, from the time of its execution, an official record of the depository institution.

■ In addition to these statutory protections, FDIC is protected against defenses based on subsequent oral agreements by law established by *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), and its progeny. The *D'Oench* doctrine invalidates agreements where the borrower has lent itself to a scheme or arrangement "whereby the banking authority ... was likely to be misled." *Id.* at 460, 62 S.Ct. at 681. Under *D'Oench*, the borrower's subjective intent to mislead is irrelevant; the doctrine applies where his actions make it likely that this would happen. *See Langley v. FDIC*, 484 U.S. 86, 108 S.Ct. 396, 402, 98 L.Ed.2d 340 (1987). *See also FDIC v. Merchants National Bank of Mobile*, 725 F.2d 634 (11th Cir.1984). The law does not require a finding that a scheme to mislead the FDIC existed. *See Langley v. FDIC*, 484 U.S. 86, 108 S.Ct. 396, 402–03, 98 L.Ed.2d 340 (1987); *FDIC v. Merchants National Bank*, 725 F.2d 634, 640 (11th Cir.), *cert. denied*, 469 U.S. 829, 105 S.Ct. 114, 83 L.Ed.2d 57 (1984).

■ Therefore, Talmo's assertion in his response to the FDIC's defenses that the FDIC received written evidence or notice of the alleged agreement is irrelevant. The only relevant inquiry is whether the criteria of § 1823(e) have been satisfied. *Merchants National Bank*, 725 F.2d at 640. These criteria are stringent and failure to show satisfaction of each and every requirement is fatal to any claim or defense. *Langley*, 108 S.Ct. at 403.

Oral agreements to extend the maturity dates of loans fall squarely within the types of agreements barred by § 1823(e) because they diminish the rights of the holder of the note, and unless such agreements satisfy the stringent requirements of § 1823(e), they cannot be asserted against FDIC. *Id.*

The oral modification, in the present case, fails to comply with the stringent criteria of § 1823(e) and the *D'Oench* doctrine. Therefore, this oral modification is clearly invalid and FDIC is entitled to Sum-

---

**2.** The *D'Oench* doctrine was established by *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62     S.Ct. 676, 86 L.Ed. 956 (1942).

mary Judgment as a matter of law on the Plaintiff's complaint.

### FDIC is Entitled to Summary Judgment on all Counts of its Counterclaims

**A. The Supplemental Counterdefendants are Properly Joined**

RWT, American Financial, and Talmo, Ltd. were properly joined as supplemental counterdefendants in this action. The counterdefendants raised the same issue in their Motion to Dismiss Counts VII and IX of the counterclaim. At a hearing held on June 10, 1991, the issue of whether counterdefendants were properly joined was argued and the Motion to Dismiss was denied, by Order of this Court on June 10, 1991.

Talmo opposes the Motion for Summary Judgments on the counterclaims for four reasons. First, he attacks the sufficiency of FDIC's affidavit, arguing that the affidavit of Stanley Shapiro does not satisfy the business records exception to the hearsay rule. Second, he argues that, as to Count II, FDIC unreasonably impaired the value of his stock in Cenvil Investors, Inc. that was pledged as collateral because FDIC did not permit FABT to sell certain assets prior to its failure. Third, Talmo argues that there can be no default interest on the note described in Count III of the counterclaim because that note does not mature until December 19, 1991. Finally, as to Counts VII and VIII, Talmo and counterdefendant American Financial Life Development Corp. ("ALFDC") argue that FDIC disaffirmed its obligation to fund the AFLDC construction loan, and that as a result the consideration for the loan failed, thereby excusing their obligation to repay the sums borrowed.

**1. FDIC's Affidavit satisfies the business records exception to the hearsay rule**

■ The affidavit of Stanley Shapiro in support of FDIC's Motion for Summary Judgment complies with the business records exception to the hearsay rule.[3] Paragraph 2 of his affidavit states that the information contained in that affidavit is based upon either his personal knowledge or upon his personal knowledge of the business records of FABT and FDIC as Receiver for FABT, made in the ordinary course of their regularly conducted business activity, by or from information transmitted by persons with knowledge of the events described therein, at or near the time of the event described, and kept under his custody and control. Nothing more is necessary to comply with Rule 803.

■ Moreover, 12 U.S.C. § 1823(e) clearly manifests Congress' directive that the FDIC must be entitled to rely upon the accuracy of the records of financial institutions. *See Langley v. FDIC,* 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987). Therefore, FDIC employees, such as Shapiro, must be entitled to rely upon the accuracy and completeness of failed bank records.

**2. Talmo is entitled to no set-off**

■ As security for his obligations under a $600,000 promissory note, described in Count II of the counterclaim, Talmo pledged 31,431 shares of stock in Cenvil Investors, Inc., now known as C.V. Reit, Inc., as collateral. Talmo claims that prior to FABT's closing FDIC, in its corporate capacity, wrongfully refused to permit FABT to sell its stock in Cenvil Development Corp., the parent company of Cenvil Investors, Inc. Such action, Talmo alleges, caused the value of the 31,431 shares of stock in Cenvil Investors, Inc. to decline. Talmo therefore seeks a setoff to his liability.

FDIC as Receiver for FABT is entirely distinct from FDIC in its corporate capaci-

---

**3.** Rule 803 of the Federal Rules of Evidence provides the applicable law:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

(6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian *or other qualified witnesses.*

ty. *See FDIC v. DeJesus Velez,* 514 F.Supp. 829 (D.Puerto Rico 1981) aff'd, 678 F.2d 371 (1st Cir.1982). Claims against FDIC in its corporate capacity may not be asserted against FDIC as Receiver for FABT. *FSLIC v. Burdette,* 696 F.Supp. 1183, 1188 (E.D.Tenn.1988). Talmo has failed to demonstrate any legal basis for holding the receiver responsible for the alleged acts of the corporation, and his defense is legally insufficient.

### 3. The note described in Count III of the counterclaim is in default

■ Talmo argues that he cannot be liable for default interest on Note No. 30800, described in Count III of the counterclaim, because it does not on its face mature until December, 1991. This position is clearly misplaced. The note at issue expressly provides that principal and interest is payable on demand, and that after maturity interest accrues on the debt at the highest rate permitted by law. Demand notes, of course, are payable on demand. That occurred here, at the latest possible time, when FDIC as Receiver for FABT filed its counterclaim. Accordingly, Summary Judgment is entered in favor of FDIC as Receiver for FABT on Count III of the Counterclaim.

### 4. The Court has no jurisdiction to consider the failure of consideration defense

■ Talmo and Counterdefendant AFLDC contend that they are entitled to a setoff from their debt described in Counts VII and VIII of the counterclaim for the damages they claim to have suffered by reason of FDIC as Receiver for FABT's disaffirmance of FABT's commitment to fund a construction loan to AFLDC. At the hearing before this Court, on October 18, 1991, FDIC as Receiver for FABT strongly denied that it disaffirmed any obligations to fund any loan to AFLDC.[4]

However, even if this contention were true, the record clearly demonstrates that FDIC is entitled to Summary Judgment as a matter of law because this Court has no jurisdiction to consider the failure of consideration defense.

Title 12 U.S.C. § 1821(d)(13)(D) provides as follows:

(D) Limitation on judicial review

Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(i) Any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the FDIC has been appointed receiver, including assets which the FDIC may acquire from itself as such receiver; or

(ii) Any claim relating to any act or omission of such institution or the corporation as receiver.

Counterdefendants' failure of consideration defense constitutes an action seeking a determination of rights to the assets of FABT relating to an act or omission of FDIC as Receiver for FABT because it seeks to eliminate or reduce counterdefendants' debt. Pursuant to the provisions of 12 U.S.C. § 1821(d)(13)(D), this Court is without jurisdiction to determine counterdefendants' defense against FDIC as Receiver for FABT initially. An initial determination with regard to this claim must be made in accordance with the administrative claim procedure set forth in 12 U.S.C. §§ 1821(d)(5), (6) and (8).

Pursuant to 12 U.S.C. § 1821(d)(3) a claimant may file its claim with the FDIC as Receiver within 90 days after notice of the appointment of the receiver is published. Pursuant to 12 U.S.C. § 1821(d)(5), FDIC as Receiver of a failed depository institution then is to allow or disallow any

---

4. The counterdefendants complained of FDIC's disaffirmance of a construction loan to LPI Canterbury, Inc. and AMID Canterbury Inc., neither of which is a party to this suit. This discrepancy was raised by counsel for FDIC at the hearing held on October 18, 1991, and counsel for Talmo said he would investigate and advise the Court in writing if Talmo's affidavit was made in error. On November 14, 1991, Talmo submitted an affidavit stating that the original affidavit was made in error and that the mortgage loan sought to be foreclosed provided by FABT in favor of AFDLC had been fully funded.

claim filed with the FDIC as Receiver within 180 days. 12 U.S.C. § 1821(d)(5)(D) grants FDIC as Receiver the authority to disallow any portion of any claim. *See* 12 U.S.C. § 1821(d)(5)(E). However, the claimant may request agency review of the claim, file suit on such a claim, or continue any action previously commenced before appointment of the Receiver, within 60 days after the expiration of the 180 day period or notice of disallowance, whichever is earlier. 12 U.S.C. § 1821(d)(6).

These procedures were established to "enable the FDIC to dispose of the bulk of claims against failed financial institutions expeditiously and fairly" H.R.Rep. No. 101–54(I). 101st Cong., 1st Sess., *reprinted in,* 1989 U.S.Code Cong. & Admin.News 86, 214. The clear intent of Congress is to require claimants to exhaust their administrative remedies prior to burdening the judicial system with claims. *See Circle Industries, Division of Natasi–White, Inc. v. City Federal Savings Bank,* 749 F.Supp. 447 (E.D.N.Y.1990), *aff'd* 931 F.2d 7 (2d Cir.1991).[5]

It is therefore clear that although the claims procedure set forth in § 1821(d) allows the continuation of an action against a failed depository institution commenced prior to the appointment of FDIC as receiver, it also requires that the claim sought to be adjudicated in such action first be presented to FDIC as Receiver for administrative review. Accordingly, unless and until such procedures have been followed, no court has subject matter jurisdiction over those claims. Therefore, counterdefendants' failure of consideration defense may not be considered until such time as they comply with the statutory claims procedure.

For the foregoing reasons, it is

ADJUDGED that FDIC as Receiver for FABT's Motion for Summary Judgment is GRANTED.

DONE AND ORDERED.

---

**5.** The district court in *Circle Industries,* 931 F.2d 7 (2d Cir.1991), affirming substantially an opinion below, 749 F.Supp. 447 (E.D.N.Y.1990), held that absent compliance with the FIRREA claims process, the court lacks subject matter jurisdiction over actions seeking to enforce such claims. Finding that the Congressional intent was to remedy the defects in prior FSLIC claims provisions, the Court held that "in enacting FIRREA,

Congress intended litigants like Circle Industries to first submit their claims against failed savings and loan institutions to the RTC or FDIC before commencing an action in the district court." 749 F.Supp. at 455. Accordingly, as no claim had been presented, let alone disallowed, the action was dismissed for lack of subject matter jurisdiction.