974 F.Supp. 746 (1997)
FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Jackson Exchange Bank and Trust Company, Plaintiff,
v.
INDIAN CREEK WAREHOUSE, J.V., et al., Defendants.
No. 1:96CV29 CDP.
United States District Court, E.D. Missouri. Southeastern Division.
June 17, 1997.
*747 *748 Michael A. Campbell, Campbell and Coyne, St.Louis, MO, for F.D.I.C.
Ronald E. Osman, Ronald E. Osman & Assoc., Ltd., Marion, IL, for Indian Creek Warehouse, J.V.
Mark V. Bossi, Thompson Coburn, St. Louis, MO, Janel E. LaBoda, Briggs and Morgan, Minneapolis, MN, for Frederick Lenertz.

MEMORANDUM AND ORDER
PERRY, District Judge.
This matter is before the Court on plaintiff's amended motion for summary judgment. For the reasons set forth below, the Court will grant plaintiff's amended motion for summary judgment.
Plaintiff, Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Jackson Exchange Bank and Trust Company ("the bank"), brought this action against defendant Indian Creek Warehouse Joint Venture ("Indian Creek") and the defendant joint venturers individually seeking payment for default on a promissory note. On May 23, 1997, plaintiff dismissed the complaint with prejudice as to individual defendants Carl Gene Penzel, Gary G. Stanley, Carl L. Penzel and Richard L. Kies. The only remaining individual defendant is Frederick G. Lenertz, who has filed a brief and evidence in opposition to the amended motion. Defendant Indian Creek has not responded to the motion for summary judgment.

I. Facts

Indian Creek is a joint venture organized under the laws of the State of Missouri. Plaintiff was appointed receiver for the bank pursuant to 12 U.S.C. § 1821(c)(3) on May 7, 1992. The FDIC accepted the appointment on the same date, and, pursuant to § 1821(d), succeeded to all rights, titles and interest of the bank.
On August 19, 1986, Indian Creek and each of its joint venturers executed an installment promissory note, in the principal amount of $3,010,000.00, payable to the bank. The note provided in pertinent part as follows:
Indian Creek Warehouse, J. V., organized under the laws of the State of Missouri, shall be primarily liable for all sums due under the terms of this note. The individual joint venturers of Indian Creek Warehouse, J.V. shall be severally liable only as guarantors and only to the extent of the percentage of the sum or sums due or to become due under the terms of this note as follows: Frederick G. Lenertz, 40 per cent; Carl Gene Penzel, 15 per cent; Gary G. Stanley, 15 per cent; Carl L. Penzel, 15 per cent; and Richard L. Kies, 15 per cent.
On the same date, Indian Creek and its joint venturers also executed a loan agreement. The loan agreement provided, among other things, that Indian Creek and the joint venturers would "pay when due any and all obligations of them to the Bank," in addition to the loan evidenced by the note. The parties stipulated that, as security for defendants, obligation under the note, Indian Creek would execute a future advance deed of trust dated August 19, 1986, in favor of the Bank with respect to a warehouse located in Cape Girardeau County, Missouri. Additionally, the note provided for payment for attorneys *749 fees and expenses if the matter was referred for collection.
Although the parties have not specified an exact date, they agree that Indian Creek defaulted on its obligations under the note; the FDIC consequently exercised its option to declare all unpaid indebtedness immediately due and payable under the note. Demand was made on Indian Creek and the joint venturers, but the amount due was not paid.
On July 28, 1995, a nonjudicial foreclosure sale was conducted, and the FDIC purchased the warehouse for $2,054,403.00. According to plaintiff, after giving defendants credit for the $2,054,403.00 paid by plaintiff at the foreclosure sale, a deficiency balance of $1,005,960.40 remained due and owing from Indian Creek or the joint venturers as guarantors. The note stated that defendants would pay "interest thereon at the rate of 11.6% per annum" and "interest or principal not paid when due shall bear interest at the rate of three percent per annum (3%) over the interest rate then charged at the time payment should have otherwise been made."
Defendant Lenertz contests that the default rate is 14.6 percent per annum, and denies that the deficiency balance is $1,005,960.40, relying on prior statements made by FDIC witnesses and the fact that the FDIC had previously miscalculated the deficiency amount and alleged a different interest rate in the complaint.

II. Discussion

Defendant Lenertz maintains that material disputes of fact remain regarding the amounts due under the note, and argues that the FDIC must exhaust all other avenues of recovery against the joint venture before proceeding against the individual guarantors. The Court disagrees.
A motion for summary judgment must be granted if "[t]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The inquiry into whether a "genuine issue" of material fact exists has been defined by the Supreme Court as whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In determining whether to grant summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the facts, and the inferences from these facts, are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish the absence of a genuine issue of material fact and to show that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 332, 106 S.Ct. 2548, 2557-58, 91 L.Ed.2d 265 (1986)1; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986). Once the moving party has met this burden, the non-moving party may not rest on the allegations in its pleadings, "but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e).

A. Deficiency Balance Under the Note

Plaintiff contends that defendants owe a principal deficiency balance of $1,005,960.40, along with interest on this deficiency balance, at a rate of 14.6 percent per annum. Although plaintiff concedes that its initial motion for summary judgment alleged a deficiency balance that was $1,653.60 less then the current motion, the undisputed evidence establishes that this was only a mathematical error, and that the actual deficiency balance in fact is $1,005,960.40. In reaching this figure the FDIC is permitted to rely on records obtained from a failed bank without verifying their accuracy. See Raine v. Reed, 14 F.3d 280, 283 (5th Cir.1994); Talmo v. Federal Deposit Insurance Corporation, 782 F.Supp. 1538, 1541 (S.D.Fla.1991).
Lenertz also claim that the note balance was actually reduced to zero, and that the *750 note was actually paid off. The undisputed loan history, however, shows that there are amounts due and still owing under the note. Defendant Lenertz has not shown any material factual disputes regarding the balance owed.

B. Interest Rate Due Under the Note

The complaint sets forth an interest rate of 13.75% per annum, but plaintiff's amended motion for summary judgment requests an interest at a rate of 14.6% per annum. Lenertz contend that this discrepancy establishes a clear dispute of material fact that precludes summary judgment. In addition, defendant argues that the FDIC must seek permission to amend its Complaint to seek additional relief under Rule 15(a). Defendant's arguments lack merit.
The original installment promissory note stated that defendants would pay "interest thereon at the rate of 11.6% per annum" and "interest or principal not paid when due shall bear interest at the rate of three percent per annum (3%) over the interest rate then charged at the time payment should have otherwise been made." Therefore, the undisputed evidence establishes that 14.6% is the appropriate interest rate.

C. Attorneys Fees and Costs Claimed Under the Note

The note states: "In the event of a breach in the payment of the obligation evidenced hereby or any part thereof, or in the event of a breach of any of the conditions securing same, the maker agrees to pay a reasonable attorney fee if placed in the hands of an attorney for collection or enforcement." Lenertz argues that the individual joint venturers are not the "maker," and that they, therefore, do not have to pay the attorney's fees. He also disagrees with plaintiff's claim that it has incurred $4,617.04 in attorneys fees and costs because plaintiff has not provided sufficient proof in support of attorney's fees owned.
"Maker" is defined as "[o]ne who signs a note to borrow and, as such, assumes obligation to pay note when due." Black's Law Dictionary 955 (6th ed.1990). The liability of guarantors is the same as that of the maker of the note which obligated the guarantor to pay attorney's fees. Henty Construction Company, Inc. v. Hall, 783 S.W.2d 412, 417 (Mo.Ct.App.1989). The court in Ulreich v. Kreutz, 876 S.W.2d 726, 728 (Mo. Ct.App.1994), stated in pertinent part:
[I]t is well-settled that the liability of a guarantor is to be strictly construed according to the terms of the guaranty agreement and may not be extended by implication beyond the strict letter of the obligation. The terms of a guaranty are to be understood in their plain and ordinary sense, when read in the light of the surrounding circumstances and the object intended to be accomplished. A guaranty may be construed together with any contemporaneously executed agreements dealing with the same subject matter as an aid in ascertaining the intention of the parties.
(Citations omitted) (quotations omitted).
Moreover, the "reasonableness of amount is a matter of law to be decided by the court." MidAmerica Federal Savings & Loan Association v. Shearson/American Express, Inc., 962 F.2d 1470, 1475 (10th Cir. 1992); Carondelet Savings & Loan Association v. Boyer, 595 S.W.2d 744, 748 (Mo.Ct. App.1980). The court in St. Louis Fire Fighters Association Of Fire Fighters Local 73 v. City of St. Louis, Missouri, 96 F.3d 323 (8th Cir.1996) stated that, "[i]n determining reasonable attorney fee[s] ... [the] district court should consider time and labor required; novelty and difficulty of questions; skill requisite to perform legal service properly." Plaintiff here has produced records sufficient to show the reasonableness of the attorneys fees, and the undisputed evidence establishes that plaintiff is entitled to $4,617.04 in attorneys fees.

D. Exhaustion of Remedies

Plaintiff is not required to exhaust all remedies against the joint venture before proceeding against the individual joint venturers, because neither the note or the loan agreement contained a provision requiring plaintiff to exhaust all remedies. See Federal Deposit Insurance Corporation v. Barnaby, 839 F.Supp. 935, 938 (D.Me.1993). "Where a guarantor gives his unconditional *751 guaranty, the payee does not need to first exhaust her remedies against the original debtor." Levy v. Gordon-Davis Linen Supply Co., 1993 WL 101283, at *5 (E.D.Pa.1993) (citing Paul Revere Protective Life Ins. Co. v. Weis, 535 F.Supp. 379, 383 (E.D.Pa.1981)). Once defendants became guarantors, they agreed to satisfy the debt of the primary debtor, Indian Creek, if and when Indian Creek failed to repay. See Lemay Bank and Trust Company v. Harper et al., 810 S.W.2d 690, 693 (Mo.Ct.App.1991) ("Defendants' obligation as guarantors was to pay the notes when due, the same obligation as that of the principal. The guarantors had no right to demand that the holder, the bank, first have recourse against other sources of collection."); see also Trenton Trust Company v. Estate of G.O. Maxwell, 739 S.W.2d 742, 744 (Mo.Ct.App.1987). In any event, plaintiff initially proceeded against Indian Creek before proceeding against the individual joint venturers for the loan liability and therefore de facto did seek to exhaust its remedies.

III. Conclusion

Because there are no genuine issues of material fact and all questions of law are resolved in plaintiff's favor, plaintiff is entitled to summary judgment against both of the remaining defendants. Plaintiff is entitled to judgment against Indian Creek in the principal amount of $1,005,960.40 plus $295,354.80 in accrued interest, and to judgment against defendant Lenertz in the principal amount of $402,384.16 plus $118,141.91 in accrued interest. Plaintiff is also entitled to $4,617.04 in attorneys fees. Plaintiff shall recover all taxable costs from defendants, and the total judgment will accrue post-judgment interest at the legal rate of 5.88% from this date.
IT IS HEREBY ORDERED that plaintiff's amended motion for summary judgment [# 44] is granted.
A separate Judgment in accordance with this Memorandum and Order is entered this same date.

JUDGMENT
IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff Federal Deposit Insurance Corporation shall have judgment against defendant Indian Creek Warehouse, Joint Venture in the amount of $1,301,315.20.
IT IS FURTHER ORDERED, ADJUDGED, and DECREED that plaintiff Federal Deposit Insurance Corporation shall have judgment against defendant Frederick G. Lenertz in the amount of $520,526.07.
IT IS FURTHER ORDERED, ADJUDGED, and DECREED that plaintiff Federal Deposit Insurance Corporation shall have additional judgment against defendants Indian Creek Warehouse, Joint Venture and Frederick G. Lenertz, jointly and severally, in the amount of $4,617.04 as reasonable attorneys fees and expenses.
IT IS FINALLY ORDERED, ADJUDGED, and DECREED that plaintiff shall recover its taxable costs of the action against both defendants, and that all judgment amounts shall accrue post-judgment interest at the legal rate of 5.88% from this day forward.