United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 97-3235

| | | |
|---|---|---|
| Federal Deposit Insurance Corporation, as Receiver for Jackson Exchange Bank and Trust Company, | * * * * * | |
| Plaintiff - Appellee, | * * | |
| v. | * * | Appeal from the United States District Court for the Eastern |
| Indian Creek Warehouse, J.V., | * * | District of Missouri. |
| Defendant, | * * | |
| Frederick G. Lenertz, | * * | |
| Defendant - Appellant. | * | |

_____

Submitted: February 12, 1998
Filed: May 7, 1998

_____

Before MCMILLIAN and LOKEN, Circuit Judges, and BOGUE,[1] Senior District
    Judge.

_____

_____

    [1]The Honorable Andrew W. Bogue, United States District Judge for the District
of South Dakota, sitting by designation.

BOGUE, Senior District Judge.

The defendant, Frederick G. Lenertz, appeals the district court's[2] grant of summary judgment in favor of the plaintiff, Federal Deposit Insurance Corporation (FDIC) in its action to collect monies due under a defaulted promissory note. We affirm.

In 1986 Lenertz, as one of five Joint Venturers,[3] executed a loan agreement and promissory note payable to Jackson Exchange Bank and Trust Company (Bank). Under the note, Lenertz was personally liable as guarantor for 40 percent of any and all obligations of the Joint Venture to the Bank. In 1992 the bank was declared insolvent and the FDIC was appointed as Receiver. Some time thereafter the Joint Venture defaulted on the loan and the FDIC declared all unpaid indebtedness due and payable. Following a nonjudicial foreclosure sale of the assets pledged as collateral for the loan, there remained a deficiency principal balance. Upon the FDIC's motion, the district court entered summary judgment against Lenertz for forty percent of the unpaid principal plus accrued interest and attorney fees pursuant to the terms of the note. On appeal Lenertz argues that the FDIC impermissibly relied solely upon the records of the failed Bank to determine the amount of the deficiency balance. He also challenges the reasonableness of the fee award.

We review the district court's grant of summary judgment under the now familiar standard of <u>Celotex v. Catrett</u>, 477 U.S. 317, 322-323, 106 S.Ct. 2548, 2552-2553, 91

---

[2]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri, Southeastern Division.

[3]Four of the Joint Venturers settled their dispute with the FDIC prior to the district court's ruling on the summary judgment motion. Lenertz is the only defendant remaining in this action.

L.Ed.2d 265 (1986).  See, e.g., Rabushka ex rel. United States v. Crane Co., 122 F.3d 559 (8th Cir. 1997).  After the FDIC was appointed receiver of the Bank, it transferred the figures from Bank's records of the loan in question, to the FDIC's record system, without modification or adjustment.  The figures taken from the Bank's records were used by the FDIC in creating a transaction history of the loan and in calculating the amount of the deficiency balance owed by the Joint Venture.  Lenertz argues the district court erred in allowing the FDIC to rely solely upon the records of the failed Bank to determine the amount of the deficiency balance, without independent verification of their accuracy.  We disagree, however, and affirm the district court's holding that in effectuating the takeover of a failed bank, "the FDIC is permitted to rely on the records obtained from a failed bank without verifying their accuracy." Federal Deposit Insurance Corp. v. Indian Creek Warehouse, J.V., 974 F.Supp. 746, 749 (E.D. Mo. 1997)(citing, Raine v. Reed, 14 F.3d 280, 283 (5th Cir. 1994); and Talmo v. Federal Deposit Insurance Corp., 782 F.Supp. 1538, 1541 (S.D.Fla. 1991).

Lenertz further argues that summary judgment was improper because miscalculations by the FDIC and the failed Bank's records themselves create a material fact issue regarding the amount due and owing under the note.  In its original motion for summary judgment, the FDIC claimed a principal deficiency of $1,007,614 due and owing.   In response to the defendant's discovery request, the FDIC prepared a single transaction history of the loan in question.  The history revealed that the FDIC had miscalculated the amount due as a result of improper allocation of payments received after the Bank had gone into receivership, and that the actual amount due was $1,005,960.40. Moreover, notwithstanding a final showing of an outstanding balance, at one point the records revealed the note balance was reduced to zero.  In its amended motion for summary judgment, however, the FDIC included the affidavit of Mr. Kirk Swenson, the FDIC's account officer who reviewed the official records of the Bank.  Mr. Swenson's affidavit and his deposition testimony included in the record showed to the satisfaction of the district court, and we agree, that despite the miscalculations and discrepancies in the loan history, the integrity of the Banks records was intact, and

the amount of the deficiency balance reflected in the amended motion for summary judgment was properly calculated and reported. More importantly, in response to the FDIC's showing of an absence of evidence to support Lenertz's case, Lenertz did not produce records of payments made under the note which contradicted the plaintiff's records, and he produced no evidence that the note had been paid off and the security released. Beyond the mere allegation that the FDIC's records and calculations were faulty, Lenertz failed to advance any facts that create a genuine issue of fact for trial. Under these circumstances, summary judgment was proper.

Finally, Lenertz contests the amount of attorney fees awarded in favor of the plaintiff. After reviewing the billing statements submitted by the plaintiff, the district court entered judgment against the defendant for attorney fees and expenses in the amount of $4,617.40. We have reviewed the record in this case and find that the amount of the fee award is reasonable, and that the district court did not abuse its discretion in awarding these fees. Affirmed.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.